UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 02-328

DARRIUS COPELIN                         SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 filed by the defendant, Darrius Copelin ("Copelin").  Having considered the record, the memoranda and the law, the Court has determined that the defendant is not entitled to relief for the following reasons.

On May 29, 2003, Copelin entered a conditional guilty plea to Count One of an indictment charging him with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and § 2, and along with a plea of "nolo contendere" to Count Three of the Indictment charging him with brandishing a firearm during and in relation to a crime of violence in violation pursuant to 18 U.S.C. § 924(c)(1) and § 2.  That plea was accepted

1

unconditionally at sentencing on January 21, 2004, and Copelin was sentenced to a term of imprisonment of 37 months as to Count One and a consecutive term of imprisonment of 84 as to Count Three.

Copelin raises three arguments in this motion.  First, he argues that his sentence was unconstitutionally enhanced by the application of the United States Sentencing Guidelines in violation of the Fourteenth Amendment and Jones v. United States, 526 U.S. 227 (1999) and United States v. Booker.  Second, he argues that the consecutive term of imprisonment under the Firearm Act is too harsh.  Third, he argues that he should not have been sentenced on both counts for one crime under Blockburger v. United States, 284 U.S. 299 (1932).

These arguments fail for procedural and substantive reasons. First, as argued by the government, the failure to timely appeal carries consequences on collateral review.  Review under Section 2255 generally is limited to issues of constitutional or jurisdictional magnitude which may not be raised for the first time on collateral review without a showing of "cause and prejudice," unless the error would result in a complete miscarriage of justice.  See e.g., United States v. Lopez, 248 F.3d 427 (5th Cir. 2001); United States v. Cervantes, 132 F.3d 1106 (5th Cir. 1998).  Here the defendant has shown neither

cause, prejudice nor circumstances even approaching a complete miscarriage of justice.

Even if these issues were not procedurally defaulted, the defendant would not prevail.  As to his first argument, by its own terms, Booker can not be retroactively applied to cases on collateral review, the defendant here plead guilty and the sentence imposed does not exceed the statutory maximum.  Second, the seven year consecutive sentence for brandishing the firearm during a crime of violence is statutorily mandated.  Finally, being sentenced for the two crimes to which he plead guilty does not result in a Blockburger double jeopardy claim because they do not contain the same elements.  See United States v. Holloway, 905 F.2d 893 (5th Cir. 1990).

Accordingly,

IT IS ORDERED that the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 filed by the defendant Darrius Copelin is DENIED.

New Orleans, Louisiana, this 20th day of July, 2005.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3